UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DANIEL KAVANAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-03256-NCC |
| ) | |
| DUSTIN EDWARDS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff William Daniel Kavanaugh's motion to appoint counsel (Docket No. 2) and motion for service at government expense (Docket No. 5). For the reasons discussed below, the motions will be denied at this time.

### Discussion

With regard to plaintiff's motion to appoint counsel, the Court notes that in civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony,

and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In its order of May 19, 2020, the Court stayed plaintiff's illegal stop, illegal search, and illegal arrest claims, and administratively closed this case. The Court will entertain future motions for appointment of counsel at a later date, after the final disposition of plaintiff's criminal proceeding.

With regard to plaintiff's motion for service at government expense, the Court notes that pursuant to 28 U.S.C. § 1915(d), the Court "shall issue and serve all process." However, as explained in the Court's May 19, 2020 memorandum and order, the Court is not directing that process be issued at this time. Specifically, the Court has dismissed the claims against the Florissant Police Department, all the official capacity claims, the excessive force claim against Detective Edwards, and the claim against Custodian of Records Goodwin. Furthermore, as to plaintiff's illegal stop, illegal search, and illegal arrest claims, the Court has stayed those claims and administratively closed this case pending resolution of plaintiff's underlying criminal case in Missouri state court. Therefore, plaintiff's motion will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for service at government expense (Docket No. 5) is **DENIED** at this time.

Dated this 10th day of June, 2020.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE