UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DANIEL KAVANAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-3256-MTS |
| | ) |
| DUSTIN EDWARDS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants Dustin Edwards and Nicholas Osmer's Motion to Exclude Evidence of Any Medically Complex Psychological or Psychiatric Injury. Doc. [78]. Because the Court concludes that the relief Defendants seek is overinclusive, the Court will deny it and leave the issue for pre-trial motions.

In some circumstances, a plaintiff *can* present evidence—without the need for an expert—on the symptoms or conditions he or she experienced during or caused by an incident or event. *See Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations."); *Jandreau v. Nicholson*, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007) ("Sometimes the layperson will be competent to identify the condition where the condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer."); *Duke v. Garcia*, 1:11-cv-00784-BRB, 2014 WL 1333151, at *2 (D.N.M. Feb. 28, 2014) (Baldock, J.) ("[I]t would be perfectly reasonable to permit a lay jury to conclude, sans expert testimony, that a broken nose was the result of a punch to the face.").

Here, the Court does not agree that Plaintiff "should be prohibited from presenting all evidence of a medically diagnosable psychiatric or psychological injury such as PTSD, depression,

1

and/or anxiety as damages in this matter." *See* Doc. [79] at 12; *accord id.* at 3 (arguing Plaintiff "has claimed complex conditions as a result of the incident" but then noting Plaintiff alleged "personal humiliation, mental anguish, psychological torture, laceration to his feelings, shame, degradation, and fear" (cleaned up)).  The relief Defendants seek in their Motion is too sweeping. It would be one thing to argue that Plaintiff cannot testify that the events at issue in this case caused him to develop a specific, diagnosable anxiety disorder; it is an entirely different thing to suggest that Plaintiff cannot testify that the events at issue in this case caused him feelings of anxiety.  *See* Anxiety Disorders, Stedman's Medical Dictionary 259650 (2014) ("a group of disorders involving various *manifestations of anxiety* that are grouped together nosologically in the DSM" (emphasis added)).  *See also* Depression, Stedman's Medical Dictionary 238230 (2014) (explaining "depression" can refer merely to a "mental state" *or* to a "chronic mental disorder"); Major Depressive Disorder, Stedman's Medical Dictionary 260200 (2014) ("a DSM diagnosis that is established when the specified criteria are met").  A more precise motion seeking to place a limit on what Plaintiff can and cannot testify or offer evidence can be raised and addressed in pretrial motions.  For this reason, the Court will deny Defendants' Motion without prejudice in that regard.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Evidence of Any Medically Complex Psychological or Psychiatric Injury, Doc. [78], is **DENIED**.

Dated this 31st day of January 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

2